UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PIERRE DOUGLAS GARDNER,

    Plaintiff,

v.              Case No. 24-CV-228

MARK A. SANDERS,

    Defendant.

# ORDER

  Plaintiff Pierre Douglas Gardner, who is confined at the Wisconsin Resource Center and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendant violated his constitutional rights. (ECF No. 1.) Since filing the complaint Gardner filed a supplemental complaint. (ECF No. 9.) He also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.)

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

  The Prison Litigation Reform Act (PLRA) applies to this case because Gardner was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On February 20, 2024, Gardner filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On February 22, 2024, the court ordered that Gardner shall pay $6.89 as an initial partial filing fee by March 22, 2024. (ECF No. 5.) He paid the fee on March 12, 2024. The court will grant Gardner's motion for leave to proceed without prepayment of the filing fee and allow him to pay the full filing fee over time in the manner explained at the end of this order.

## SCREENING OF THE COMPLAINT

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.*

2

*v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Gardner's Allegations and Analysis*

Gardner's original complaint, even when incorporating the supplemental complaint, does not state an intelligible claim. While Gardner identifies Mark Sanders as a defendant, he does not describe what Sanders's position was and what he did or did not do to violate Gardner's constitutional rights. Gardner also does not clearly identify the constitutional right he believes was violated. There is some indication that he believes his First Amendment right to religious freedom was violated. (*See, e.g.*, ECF No. 9 at 2.) However, it appears that Gardner is claiming that his right to religious freedom was violated because he sacrificed Nya's life in accordance with the tenants of his "Nubian religion." (*Id.*) If that is indeed what

3

Gardner is attempting to claim, he should understand that no court will accept prevention of or persecution for practicing human sacrifice as a violation of the Free Exercise Clause. *See Fulton v. City of Philadelphia, PA*, 593 U.S. 522, 566 (2021) ("No one has ever seriously argued that the Free Exercise Clause protects every conceivable religious practice or even every conceivable form of worship, including such things as human sacrifice.").

The court will give Gardner an opportunity to amend his complaint before it dismisses his case. Gardner should keep the following guidelines in mind when amending his complaint. Gardner should keep his allegations simple and provide a brief description of what each individual defendant did or did not do to violate his rights. He should clearly identify the constitutional right he believes the defendants violated. If he does not know the name of a defendant, he may label that defendant "John Doe (or Jane Doe) #1," etc. He needs to list all the defendants he is intending to sue in the caption.

Enclosed is a copy of the complaint form and instructions. Gardner should write the word "AMENDED" in front of the word "COMPLAINT" at the top of the first page and then put the case number for this case in the field for "Case Number". He must use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. **If the space is not enough he may use up to five additional sheets of paper (putting page numbers on each additional page).** The amended complaint takes the place of the prior

4

complaint and must be complete in itself. Gardner cannot simply say, "Look at my first complaint for further information." *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Gardner's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that on or before **May 7, 2024**, Gardner may file an amended complaint. If the court does not receive an amended complaint by that date, it will dismiss this action based on the original complaint's failure to state a claim and will issue Gardner a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of Gardner shall collect from his institution trust account the $343.11 balance of the filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to Gardner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Gardner is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Gardner is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>517 E. Wisconsin Avenue, Room 362
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Gardner is further advised that the failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Gardner is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Gardner's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Gardner may find useful in prosecuting his case.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Dated at Milwaukee, Wisconsin this 16th day of April, 2024.

BY THE COURT

_William E. Duffin_
WILLIAM E. DUFFIN
United States Magistrate Judge